FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 2 7 2011

JAMES N. HATTEN, Clerk
By
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RONALD D. SANDERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C/A No.: 1:11·CV-1735JOF |
| | ) |
| ACE MEDICAL TRANSPORT, | ) |
| INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Ronald D. Sanders, against Defendants ACE

Medical Transport, Inc.("Defendant") and alleges as follows on information

and belief against Defendants ACE Medical Transport, Inc.("Defendant"):

## I. NATURE OF THE ACTION

1.

Minimum wage and overtime laws mark the boundary between a

humane society and its Industrial Era precursor of child labor, company

scrip, and eighteen hour work days.  In recognition of this distinction, the

United States Congress has enacted and enforced wage and hour laws.  This

action arises from any ongoing wrongful scheme by Defendant to deny their

employees the overtime benefits due under the federal Fail Labor Standards

Act ("FLSA").

2.

Plaintiff, Ronald Sanders hereby alleges that Defendant had a pattern and practice of routinely and deliberately failing to pay wages for hours worked for the purpose of federal overtime law in order to save significant funds in employee compensation by requiring Plaintiff to work n excess of 40 hours per week without paying time-and-a-half for all hour worked in excess of 40 hours. These actions routinely deny employees like the Plaintiff his statutorily-mandated rights.

3.

This action is brought under the Fair Labor Standards Ac ("FLSA"), 29 U.S.C. §§ 201, 207, 216(b), and 215(a)(3) to recover unpaid wages for overtime work performed for which Plaintiff was not paid time-and-a-half, liquidated damages, interest, attorneys' fees, costs, compensatory damages, injunctive relief pursuant to § 217 and such additional relief as he interests of justice may require.

## II. JURISDICTION AND VENUE

4.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves federal statutes,

specifically, 29 U.S.C. § 216(b) and § 215(a)(3).  The Plaint ff does not bring any claims under any collective bargaining agreement.

5.

The Court has personal jurisdiction over the Defendant which is incorporated in Georgia and has its principal place of busi ess in the Northern District of Georgia.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 216(b).

III. PARTIES

7.

At all relevant times, Plaintiff was a non-exempt e nployee of Defendant, who, within the applicable period of limitatio s prior to commencement of this action, was unlawfully deprived of wa es due and owing to him by Defendant.

8.

Defendant is a Georgia Corporation with its principal offic e located in Norcross, Georgia and which may be served with process via its registered agent, Bahi Y. Sery, 2792 Autumn Lake Lane Decatur, Georgia 0034.

3

## IV.  FACTUAL BACKGROUND

9.

Defendant operates and, at all relevant times, has done business in Georgia, as well as throughout the country.

10.

The overtime wage provisions set forth in § 207 of the FLSA apply to Defendant, which engages in commerce under the definition of the FLSA and has sales in excess of $500,000 a year.

11.

The overtime wage provisions set forth in § 207 of the FLSA apply to Defendant, which engages in commerce under the definition of the FLSA and has sales in excess of $500,000 a year.

12.

Mr. Sanders began working for Defendant, a company providing medically necessary, non-emergency transportation, as a driver/trainee. After Mr. Sanders completed his training, he was promoted to his position as a full time driver for Defendant.

13.

Mr. Sander's responsibilities in his position with Defendant did not permit his classification as exempt from the FLSA's overtime provisions. Plaintiff is aware that many employees were similarly not paid overtime wages.

14.

In his position with Defendant, Mr. Sanders regularly worked in excess of 40 hours a week without payment of proper overtime compensation in violation of 29 U.S.C. § 207 of the FLSA.   Indeed, Mr. Sanders often worked hours for which he was not paid at all, pursuant to Defendant's policy.

15.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein have been enforced against more than twenty (20) service employees, including Plaintiff, employed by Defendant, who have worked over forty (40) hours a week without proper overtime compensation in violation of 29 U.S.C. § 207 of the FLSA.

16.

At all relevant times, Defendant was and is legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff.

17.

At all relevant times, the unlawful conduct against Plaintiff described in each and all of the foregoing paragraphs was actuated, in whole or in part, by a purpose to serve Defendant. Upon information and belief, the unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendant and committed under actual or apparent authority granted by Defendant such that all of the aforementioned unlawful conduct is legally attributable to Defendants.

18.

Defendant intentionally and repeatedly engaged in a practice of failing to pay overtime for hours worked in excess of forty (40) per week and failed to pay any wages for "downtime" while drivers waited, on call, on-site, in company vehicles, while in uniform, for the next call from dispatch.

19.

Defendant is liable under the FLSA for failing to properly compensate Plaintiff for hours worked over 40 hours a week. There are numerous similarly-situated current and former employees who have worked over 40 hours a week without overtime pay, and have been forced to work "downtime" with no pay, in violation of the FLSA. Those similarly-situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

20.

Defendants improperly classified employees as exempt and failed to pay for hours worked, including, but not limited to failing to pay overtime for hours worked in excess of forty (40) per week in violation of §§207 and 213 of the FLSA and failing to pay any wages for certain hours worked by employees in violation of 29 C.F.R. 785.16 and 785.17 pursuant to a known company policy.

21.

Defendant intentionally and repeatedly engaged in a practice of failing to overtime for hours worked in excess of forty (40) per week and failed to

pay any wages for "downtime" while drivers waited, on call on-site, in company vehicles, while in uniform, for the next call from dispatch.

22.

In November of 2009, after internal complaints about Defendant's unlawful policies were ignored, Plaintiff turned to the Georgia Department of Labor.

23.

In retaliation for exercising his legally protected rights, within two weeks of contacting the Department of Labor, Plaintiff was terminated by the Defendant for alerting governmental entities to Defendant's illegal practices in violation of § 215(a)(3) of the Fair Labor Standards Act.

## V.  CLAIM FOR RELIEF

### (Count One – Fair Labor Standards Act)

24.

Plaintiff alleges and incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

25.

Defendants willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein by failing to pay overtime rates for hours worked in excess of forty

(40) per week and failing to pay any wages for "downtime" while drivers waited, on call, on-site, in company vehicles, while in uniform, for the next call from dispatch. In pursuing and completing this course of conduct, Defendants thereby failed and refused to pay the properly hourly wage compensation of current and former service employees, including Plaintiffs and all other similarly situated individuals who work or worked over 40 hours a week, in accordance with § 207 of the FLSA.

26.

As a result of Defendant's violations of the FLSA, Plaintiffs, has suffered damages by being denied wages and overtime wages in accordance with § 207 of the FLSA.

27.

Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly-situated present and former service employees.

28.

Since Defendants willfully violated the FLSA by improperly withholding overtime payment and any payment whatsoever for "downtime", a three year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

29.

As a result of unlawful acts of the Defendants, Plaintiffs has been deprived of regular and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b), as well as injunctive relief pursuant to § 2 7.

**(Count Two – Retaliation)**

30.

Plaintiff alleges and incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

31.

Defendant intentionally and repeatedly engaged in a practice of failing to overtime for hours worked in excess of forty (40) per week and failed to pay any wages for "downtime" while drivers waited, on call on-site, in company vehicles, while in uniform, for the next call from dispatch.

32.

In November of 2009, after internal complaints about Defendant's unlawful policies were ignored, Plaintiff turned to the Georgia Department of Labor.

33.

In retaliation for exercising his legally protected rights, Plaintiff was singled out and subject to higher scrutiny in the form of three "write-ups" within approximately ten days.

33.

In retaliation for exercising his legally protected rights, within two weeks of contacting the Department of Labor, Plaintiff was terminated by the Defendant for alerting governmental entities to Defendant's illegal practices in violation of § 215(a)(3) of the Fair Labor Standards Act.

34.

There is a causal link between the adverse employment actions described above and the assertion by Plaintiff of his rights under the Fair Labor Standards Act.

35.

§ 704(a) of the 1964 Civil Rights Act makes it illegal for an employer to retaliate against any employee who has opposed unlawful employment practices.

## VII.  PRAYER FOR RELIEF

36.

WHEREFORE, Plaintiff, requests the following relief:

A.  That the Court find Defendant violated the overtime provsions of the FLSA 29 U.S.C. § 207 et seq. as to the Plaintiff;

B.  That the Court find Defendant violated the retaliation povisions of the FLSA 29 U.S.C. § 215 as the Plaintiff;

C.  That the Court find that Defendant's violations as desribed have been willful;

D.  That the Court find that Defendants failed to pay any wages whatsoever to the Plaintiffs at times;

E.  That the Court, pursuant to § 217, enjoin Defenlants from withholding payment from drivers of regular anl overtime compensation found to be due;

F.  That the Court award to Plaintiff liquidated damages of rot less than $100,00.00 for the amount of unpaid overtime conpensation, including interest thereon, and penalties subject to prof at trial pursuant to 29, U.S.C. § 201 et seq. and the supporting Department of Labor regulations;

G.  That Plaintiff and the Class be awarded reasonable attmey's fees and costs pursuant to FLSA 29 U.S.C. § 216(b); and

H.  That the Court award such other and further relief as this Court may deem appropriate.

## VIII.  DEMAND FOR A TRIAL BY JURY

32.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact ra sed by the Complaint

Respectfully submitted this _27th_ day of M₂ y, 2011.

Samuel C. Harvey
Georgia Bar No.:  131243
Attorney for Plaintiff

7000 Central Parkway, Suite 700
Atlanta, Georgia 30328
(678) 370-0095

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 5.1B, the undersigned counsel for Plaintiff states that the foregoing Complaint For Damages was prepared in Times New Roman, 14 point font.

Respectfully submitted this 27th day of May, 2011.

Samuel C. Harvey
Georgia Bar No.: 131243
Attorney for Plaintiff

THE LAW OFFICE OF SAMUEL C. HARVEY, LLC
7000 Central Parkway, Suite 700
Atlanta, Georgia 30328
(678) 370-0095
(770) 394-0333